IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **Sacred Heart of Jesus Parish**, **Grand Rapids**; **Jerry Hatley**; **Robin Hatley**; **Joseph Boutell**; **Renee Boutell**; **Peter Ugolini**; and **Katie Ugolini**, <br><br>                    Plaintiffs, <br><br>v. <br><br> **Dana Nessel**, in her official capacity as Attorney General of Michigan; **John E. Johnson, Jr.**, in his official capacity as Executive Director of the Michigan Department of Civil Rights; and **Portia L. Roberson**, **Zenna Faraj Elhasan**, **Gloria E. Lara**, **Regina Gasco-Bentley**, **Anupama Kosaraju**, **Richard Corriveau**, **David Worthams**, and **Luke R. Londo**, in their official capacities as members of the Michigan Civil Rights Commission, <br><br>                    Defendants. | Case No.: 1:22-cv-01214 <br><br> **Plaintiffs' Motion for Preliminary Injunction** <br><br> **Oral Argument Requested** |

Plaintiffs Sacred Heart of Jesus Parish, Jerry Hatley, Robin Hatley, Joseph Boutell, Renee Boutell, Peter Ugolini, and Katie Ugolini request a preliminary injunction under Federal Rule of Civil Procedure 65 to enjoin Defendants from violating their free exercise, free speech, associational, and parental rights under the First and Fourteenth Amendments to the United States Constitution.

Plaintiffs ask that the preliminary injunction enjoin Defendants and their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this order from:

1

- Enforcing Michigan's Elliot-Larsen Civil Rights Act, (M.C.L. §§ 37.2202(1), 37.2302(a), 37.2402(a)–(c)), Penal Code (M.C.L. § 750.147), and publication bans (M.C.L. §§ 37.2302(b); 37.2206(1), (2)(a),(c); 37.2402(d); 750.147), as interpreted by the Michigan Supreme Court to encompass sexual orientation and gender identity, to prevent Sacred Heart from operating and adopting policies consistent with Catholic doctrine and teachings regarding marriage and human sexuality, including by:
    a) only referring to students and employees by pronouns that align with biological sex;
    b) maintaining sex-segregated facilities and activities;
    c) maintaining a student handbook (VC Ex. 1, PageID.76-110), student agreement (VC Ex. 2, PageID.111-112), and other student policies requiring students to live in conformity with Catholic doctrine;
    d) recruiting, admitting, and retaining only students who agree to abide by Sacred Heart's faith-based policies;
    e) disciplining students who fail to abide by Sacred Heart's faith-based policies; and
    f) teaching students, in word and deed, Catholic doctrine on marriage and sexuality (*see* VC Ex. 10 PageID.150-179).
- Enforcing Michigan's Elliot-Larsen Civil Rights Act, (M.C.L. §§ 37.2202(1), 37.2302(a), 37.2402(a)–(c)), Penal Code (M.C.L. § 750.147), and publication bans (M.C.L. §§ 37.2302(b); 37.2206(1), (2)(a),(c); 37.2402(d); 750.147) to prevent Plaintiff parents from providing their children with an authentic Catholic education at Sacred Heart and raising their children in the Catholic faith, as detailed above.

2

- Enforcing Michigan's Elliot-Larsen Civil Rights Act, (M.C.L. §§ 37.2202(1), 37.2302(a), 37.2402(a)–(c)), Penal Code (M.C.L. § 750.147), and publication bans (M.C.L. §§ 37.2302(b); 37.2206(1), (2)(a),(c); 37.2402(d); 750.147) to prevent Sacred Heart from adopting or following a policy, pattern, or practice of recruiting, offering positions for, hiring, and retaining only employees who adhere to and agree to abide by all tenets of the Catholic faith, including by:
    a) exclusively recruiting and hiring employees who adhere to Catholic doctrine, including doctrine on marriage and sexuality, in their lives;
    b) declining to recruit and hire employees who oppose Catholic doctrine, including doctrine on marriage and sexuality, and maintaining a policy or practice to this effect;
    c) publishing any statement expressing its Catholic beliefs when advertising open employment positions (VC Ex. 9, PageID.143-149);
    d) making any written or oral inquiry about a job applicant's religious beliefs and commitment to Catholic doctrine;
    e) expressing any preference for Catholic employees living in accordance with Catholic doctrine;
    f) ensuring its employees live in accordance with Catholic doctrine by requiring them to sign the memorandum of understanding and swear the oath of fidelity to the Catholic faith (VC Ex. 3, PageID.114-118); and
    g) disciplining or discharging any employee who fails to live in accordance with Catholic doctrine and maintaining any policy or practice to that effect.

- Enforcing Michigan's publication bans (M.C.L. §§ 37.2302(b); 37.2206(1), (2)(a),(c); 37.2402(d); 750.147) to prevent Sacred Heart Academy from communicating its Catholic beliefs regarding marriage and human sexuality to employees, prospective employees, families, students, and the public, including by:

    a) posting its Pastor's statement on Catholic doctrine regarding marriage and sexuality on its website (VC Ex. 7, PageID.135-137);

    b) advertising current job openings and explaining its requirement that all employees must live out Catholic doctrine in their lives, including doctrine on marriage and sexuality (VC Ex. 9, PageID.143-149).

Absent a preliminary injunction, Plaintiffs will suffer irreparable harm: the continued violation of their free exercise, free speech, associational, and parental rights as guaranteed by the First and Fourteenth Amendments to the United States Constitution. Plaintiffs are also likely to succeed on the merits, the preliminary injunction serves the public interest, and the balance of equities favors Plaintiffs. In support of their motion, Plaintiffs rely on any oral argument permitted and on the following documents:

- Plaintiffs' Verified Complaint (PageID.1-75) and the exhibits accompanying it (PageID.76-227);
- Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Injunction;
- Any supplemental declaration in support of Plaintiffs' Motion for Preliminary Injunction and related documents; and
- Plaintiffs' Reply in Support of Plaintiffs' Motion for Preliminary Injunction (if filed) and supporting documents (if any).

Plaintiffs also ask this Court to waive any bond because this requested injunction serves the public interest by vindicating First Amendment rights. *See Moltan Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171, 1175–76 (6th Circuit 1995) (upholding district court's decision to waive bond requirement given the strength of the arguments and the public interest involved).

As of the filing of this Motion, defense counsel has not appeared in this case. Plaintiffs are, therefore, unable to determine at this time whether the Defendants will oppose this Motion. Once defense counsel enters a notice of appearance in this case, Plaintiffs' counsel will contact defense counsel to discuss their position on this Motion and notify the Court accordingly.

Plaintiffs also request oral argument to be heard at a time and date set by the Court. Local Civil Rules, Rule 7.2(d).

Respectfully submitted this 22nd day of December, 2022.

|  |  |
|---|---|
| David A. Cortman<br>Arizona Bar No. 029490<br>Ryan J. Tucker<br>Arizona Bar No. 034382<br>Katherine L. Anderson<br>Arizona Bar No. 033104<br>**Alliance Defending Freedom**<br>15100 N. 90th Street<br>Scottsdale, AZ 85260<br>(480) 444-0020<br>(480) 444-0028 (facsimile)<br>rtucker@ADFlegal.org<br>kanderson@ADFlegal.org | By: s/ John J. Bursch<br>John J. Bursch<br>Michigan Bar No. P57679<br>Hailey M. Vrdolyak<br>Illinois Bar No. 6333515<br>**Alliance Defending Freedom**<br>440 First Street NW, Suite 600<br>Washington, DC 20001<br>(202) 393-8690<br>(202) 347-3622 Fax<br>jbursch@ADFlegal.org<br>hvrdolyak@ADFlegal.org |

*Attorneys for Plaintiff*

## Certificate of Service

  I hereby certify that on the 22nd day of December, 2022, I electronically filed the foregoing document with the Clerk of Court using the ECF system. The foregoing document will be served via private process server with the Summons and Complaint to all defendants.

              s/ John J. Bursch
              John J. Bursch
              **Alliance Defending Freedom**
              440 First Street NW, Suite 600
              Washington, DC 20001

              *Counsel for Plaintiff*