**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**Sacred Heart of Jesus Parish; Joseph** and **Renee Boutell**; **Peter** and **Katie Ugolini,**

Plaintiffs,

v.

**Dana Nessel,** in her official capacity as Attorney General of Michigan; **John E. Johnson, Jr.,** in his official capacity as Executive Director of the Michigan Department of Civil Rights; **Portia L. Roberson, Zenna Faraj Elhason, Gloria E. Lara, Regina Gasco-Bentley, Anupama Kosaraju, Richard Corriveau,** and **David Worthams,** in their official capacities as members of the Michigan Civil Rights Commission,

Defendants.

Case No. 1:22-cv-01214

Honorable Jane M. Beckering
Magistrate Judge Phillip J. Green

**Joint Statement of Material Facts**

Pursuant to this Court's Information and Guidelines for Civil Practice, Plaintiffs and Defendants have conferred and now file the following joint statement of material facts:

1. Pursuant to this Court's Case Management Order (ECF No. 79), the parties already filed joint stipulations of material fact (ECF No. 83). The parties incorporate those joint stipulations here.

2. Michigan Department of Civil Rights (Department) receives complaints of discrimination under the Elliot-Larsen Civil Rights Act (ECLRA) against employers.

3. The following summarizes five separate complaints against employers, and their investigation and outcome.

4. The complaints alleged that the employers violated ELCRA.

5. Between 2019 and 2024, the Department received at least three complaints alleging employment discrimination against religious employers where the employers raised a First Amendment ministerial exception defense to the complaint.

6. In each case, the Department eventually dismissed the complaint after requiring position statements from the employers and after investigating the employer.

7. One complaint (MDCR # 496785) was filed in August 2019 against a Catholic Diocese in Michigan that operated a Catholic school.

8. The claimant alleged that the school discriminated against him based on national origin after the school terminated him from his position as the school's principal.

9. After receiving the complaint, the Department ordered the Catholic school, in September 2019, to "submit a detailed position statement with supporting documentation or propose a resolution within 14 days."

10. The Department also ordered the Catholic school to respond to a set of thirty interrogatories within twenty-eight days of receiving the interrogatories.

11. In October 2019, an attorney responded on behalf of the Catholic school.

12. The attorney's response stated that the employment claims "against the Diocese are barred by the First Amendment to the United States Constitution, which precludes discrimination claims by ministerial employees."

13. In January 2020, a Department investigator emailed the Catholic school's counsel with a request to interview a witness who made the decision to discharge the claimant.

14. The Department interviewed the Catholic Diocese priest in January 2020.

15. In February 2020, the Department found that the Catholic school was entitled to a defense under the ministerial exception and dismissed the complaint.

16. Another complaint (MDCR # 613220) was filed in November 2020 against an independent Christian school.

17. The claimant alleged that the school discriminated against her based on her height, national origin, race, retaliation, sex, and weight after the school discharged her from her position as the school's Director of Marketing and Admissions.

18. After receiving the complaint, the Department ordered the school to produce a "detailed position statement addressing each allegation, issue, and protected class contained in the complaint along with any and all supporting documentation and firsthand witness statement(s)/contact information."

19. An attorney responded on behalf of the school in February 2021.

20. In response, the attorney wrote that the charge "is barred by the ministerial exception, pursuant to which a religious institution is insulated from liability for employment decisions based on any protected category with respect to its ministerial employees."

21. And, in response, the attorney wrote that the Director of Marketing and Admissions position required the employee to have "regular interaction with potential new families and members of the community. She was responsible to develop and implement the school's marketing and communications plan and to coordinate and lead the school's admissions process. In these important roles, Claimant was responsible to articulate [the school's] Christian beliefs both in writing and verbally to potential families as well as in the school's marketing materials and media relations communications."

22. The response contained attachments with the school's faith-based policies, including a foundation statement, an employment agreement, a position description, and emails.

23. In 2023, a Department investigator emailed the school's counsel with additional questions and with a request to interview the Head of School.

24. The Department interviewed the Head of School in July 2023.

25. In August 2023, the Department found that the school was entitled to a defense under the ministerial exception and dismissed the complaint.

26. Another complaint was filed in October 2023 (MDCR # 638851) against a school owned by a Catholic Parish in Michigan.

27. The claimant alleged that the school discriminated against her based on her sex because it discharged her after discovering that she was pregnant out of wedlock.

28. An attorney responded on behalf of the school in April 2024.

29. In response, the attorney wrote "[b]eing pregnant out of wedlock is contrary to the teachings of the Catholic faith. This is an issue of religious exercise, protected by the Constitution; it does not implicate discrimination on the basis of sex and there was no such discrimination here."

30. The attorney also wrote that the "charge of discrimination also would fail pursuant to the ministerial exception doctrine."

31. In July 2024, the Department dismissed the complaint after finding that the school had a legitimate non-discriminatory reason for its actions.

32. Separate from these complaints against religious employers, the Department also received a complaint (MDCR # 495396) filed by a claimant who alleged he was not hired for a position because of his weight.

33. The employer responded that the claimant was not hired because he did not provide a current asbestos abatement accreditation license, which was required by state law for the position, and did not provide a physical fitness form signed by a medical doctor, which was also required for the position.

34. The Department found that this was a legitimate non-discriminatory reason to not hire the claimant, and the complaint was dismissed due to insufficient evidence of discrimination.

35. The Department also received a complaint (MDCR # 644276) filed by a claimant who alleged the claimant was not hired due to the claimant's status as a "transgender woman."

36. The employer responded that the claimant was not hired because the employer cancelled the open position due to a change in business needs.

37. The Department found that this was a legitimate non-discriminatory reason to not hire the claimant and the complaint was dismissed.

Respectfully submitted this 21st day of November 2025.

By: *s/Kimberly Pendrick*
Kimberly Pendrick (P60348)
Tonya Celeste Jeter (P55352)
Cassandra Drysdale-Crown (P64108)
Assistant Attorneys General
Attorneys for Defendants
3030 W. Grand Blvd., Suite 10-666
Detroit, Michigan 48202
313.456.0200
Email: pendrickk@michigan.gov

*Attorneys for Defendants*

By: s/*Mark A. Lippelmann*
David A. Cortman
Arizona Bar No. 029490
Ryan J. Tucker
Arizona Bar No. 034382
Katherine L. Anderson
Arizona Bar No. 033104
Mark A. Lippelmann
Arizona Bar No. 036553
**Alliance Defending Freedom**
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
(480) 444-0028 (facsimile)
rtucker@ADFlegal.org
kanderson@ADFlegal.org
mlippelmann@ADFlegal.org

John J. Bursch
Michigan Bar No. P57679
Noel W. Sterett
Illinois Bar No. 6292008
**Alliance Defending Freedom**
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690
(202) 347-3622 Fax
jbursch@ADFlegal.org
nsterett@ADFlegal.org

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of November, 2025, I electronically filed the foregoing document with the Clerk of Court using the ECF system which will send notification of such filing to all counsel of record who are registered users of the ECF system.

*s/ Mark A. Lippelmann*
Mark A. Lippelmann
Arizona Bar No. 036553
**Alliance Defending Freedom**
15100 N. 90th Street
Scottsdale, Arizona 85260
(480) 444-0020
(480) 444-0028 Fax
mlippelmann@ADFlegal.org

*Attorney for Plaintiffs*